**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRAMAINE ROPER,**

        **Claimant,**

v.　　　　　　　　　　　　　　　　　　　　Case No: 6:25-CV-0226-CEM-DCI

**LELAND DUDEK,** Acting Commissioner
of Social Security,

        **Respondent.**

---

**REPORT AND RECOMMENDATION**

This cause is before the undersigned on Claimant's appeal of an administrative decision denying her application for Disability Insurance Benefits (DIB). In a decision dated June 28, 2024, the Administrative Law Judge (ALJ) found Claimant not disabled, as defined in the Social Security Act. *See* R. 8-29. Having considered the parties' briefing and being otherwise fully advised, the undersigned recommends that the decision of the Commissioner of Social Security (the Commissioner) be **AFFIRMED.**

    **I.**　　**BACKGROUND**

On May 11, 2021, Tramaine Roper (Claimant) filed an application for DIB. R. 419. The Social Security Administration (SSA) denied the initial claim. R. 194-97. Claimant sought reconsideration of the denial (R. 198-99), and the SSA affirmed that its denial "was proper under the law." R. 200-03. Claimant then sought a hearing with an ALJ (R. 204), and on January 25, 2023, the ALJ held a telephonic hearing. R. 164. On March 1, 2023, the ALJ issued notice of her decision finding Claimant not disabled. R. 161-81. The Appeals Council vacated and remanded the ALJ's decision because it did "not contain an adequate evaluation of the claimant's ability to

sit and stand." R. 157. On May 9, 2024, the ALJ held a second telephonic hearing (R. 11), and on June 28, 2024, the ALJ again found Claimant not disabled. R. 8-29. The Appeals Council denied Claimant's request to review the ALJ's second unfavorable decision. R. 1-4. Having exhausted administrative review, Claimant filed the instant appeal pursuant to 42 U.S.C. § 405(g). Doc. 1. The parties have briefed their arguments for the Court's review. Docs. 13, 16, 17.

## II.   ISSUES ON APPEAL

Claimant raises the following issues on appeal:

1. "Whether remand is required because the ALJ failed to identify a significant number of jobs that an individual with Claimant's RFC could perform in the national economy." Doc. 13 at 4.

2. "Whether remand is required because the ALJ failed to either include, within the RFC finding, all of the mental limitations that she had found to be credible, or to explain why she had omitted credible limitations from the RFC." Doc. 13 at 5.

## III.  STANDARD OF REVIEW

An ALJ performs a five-step evaluation to determine whether a claimant is disabled and whether they qualify for social security income benefits. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The five steps assess the following:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015)[1] (internal quotation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).

If a claimant has a mental impairment, the ALJ must evaluate the degree of the mental impairment using the Psychiatric Review Technique (PRT) at steps two and three and "incorporate its mode of analysis into his findings and conclusions." *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 Fed. App'x 913, 915 (11th Cir. 2013); *see also* 20 C.F.R. § 404.1520a. The PRT enables an ALJ to determine whether a "claimant's mental impairments cause limitations in one of 'four broad functional areas.'" *Hines-Sharp*, 511 Fed. App'x at 915 (quoting 20 C.F.R. § 404.1520a(c)(3)). If the ALJ finds that such limitations exist, then at step five, the ALJ must include any limitations caused by mental impairments "as part of a description of the claimant's RFC in any hypothetical question posed to the [vocational expert]." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (quotations omitted).

The scope of the court's review in Social Security cases is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel*, 631 F.3d at 1178 (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, considering evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

3

1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo*."  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## IV.     DISCUSSION

Claimant fails to establish that the price marker job is obsolete, rendering unpersuasive her first argument that the ALJ failed to identify a significant number of jobs that an individual with Claimant's RFC could perform in the national economy.  Similarly, Claimant fails to provide legal authority in support of her second argument that remand is required because the ALJ's step four RFC failed to mirror the step two PRT findings.  Accordingly, the undersigned recommends that the Court affirm the ALJ's decision.

### A.     Claimant's Argument Concerning an Insufficient Number of Jobs Identified at Step Five and Whether the Price Marker Job is Obsolete

Claimant first argues that remand is necessary because the price marker job is obsolete and, without it, "remaining job numbers are too low to meet the Agency's step five burden of production."  Doc. 13 at 7-8; Doc. 17 at 5.  The Commissioner asserts that the "Court should [ ] reject Plaintiff's contention that the price marker job is obsolete based on a district court case from another circuit."  Doc. 16 at 8 (citing *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985) ("authority from one circuit of the United States Court of Appeals is not binding upon another circuit").  Regardless of Claimant's reliance on non-binding authority, the undersigned is not persuaded that the price marker job is obsolete.

In support of her argument, Claimant cites a June 22, 2024 Emergency Memorandum issued by the Social Security Administration which "advises adjudicators that they can no longer

4

use over a hundred DOT [Dictionary of Occupational Titles] occupations to support a finding of non-disability at step five of the sequential evaluation process because they exist in such limited numbers." Doc. 17 at 5. The Emergency Memorandum reflects that the SSA reviewed the DOT as recently as June 2024; identified obsolete occupations; and updated its internal guidelines for adjudicators to exclude those deemed obsolete. The price marker occupation was not among them. Further, Claimant has presented no evidence that the SSA has identified the price marker occupation as obsolete or subject to similar exclusion in any such memorandum or other agency guidance. Claimant's entire argument is simply an argument for obsolescence based on conjecture. Accordingly, the undersigned does not find persuasive the argument that the price marker job's alleged obsolescence reduces the number of jobs to a level "too low to meet the Agency's step five burden of production." Doc. 17 at 5.

**B.    Claimant's Argument Concerning Inconsistency Between the Step Two PRT Findings and the Step Four RFC**

Second, Claimant argues that remand is required because the ALJ's step four RFC finding is inconsistent with the step two PRT finding that Claimant "had a moderate limitation in concentrating, persisting, or maintaining pace (CPP)." Doc. 13 at 9, 11. The undersigned disagrees and finds that: 1) the ALJ appropriately considered and incorporated the PRT findings in her conclusions; 2) Claimant has not established that a step two finding of a moderate limitation in concentrating, persisting, or maintaining pace precludes a step four finding that Claimant can perform detailed work; and 3) Claimant has provided no legal authority to support the assertion that every moderate PRT finding requires a corresponding limitation in the RFC finding.

      **1.**      **The ALJ Incorporated the PRT Findings in Her Analysis and Conclusions**

Agency regulations require ALJs to complete the PRT form when evaluating an applicant's mental impairments at steps two and three. 20 C.F.R. § 404.1520a; *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 Fed. App'x. 913, 915 (11th Cir. 2013) ("To evaluate the severity of a claimant's mental impairments in steps two and three, the regulations direct the ALJ to use a special Psychiatric Review Technique (PRT)") (citations omitted). ALJs use the PRT to assess the impact of mental impairments on four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a–(c)(3–4). At step two, the ALJ determines the severity of any identified impairments. 20 C.F.R. § 404.1520a(d). At step three, the ALJ determines whether the impairments identified at step two meet or equal a listed impairment. 20 C.F.R. § 404.1520a(d)(2).

Here, the ALJ determined at step two that Claimant had moderate limitations in two functional areas: 1) interacting with others; and 2) concentrating, persisting or maintaining pace. R. 15. Specifically, the ALJ determined:

> <u>In interacting with others, the claimant has a moderate limitation.</u> Exams show reports of feeling anxious, findings of anxious affect, and diagnosis of anxiety. (Exhibit 22F/17, 31; 10F/2) Anxious mood, or anxious but stable mood was noted. (Exhibits 22F/1, 7, 9, 11, 13, 15, 17; 23F/19) She reported anxiety attacks even with treatment. (Exhibit 22F/3, 19) Yet ER notes show her cooperative with normal speech (Exhibit 1F/29-30); and when compliant with medication, anxiety was manageable. (Exhibit 22F/25, 27) Normal mental status was found at times. (Exhibits 5F/2, 6F/11; 23F) She was found to be calm, cooperative and with euthymic affect, clear speech and no delusions or ideations. She reported feeling less anxious. (Exhibit 22F/21, 23, 25, 27) She was pleasant, not nervous, and with normal mood and behavior. (Exhibit 20F/9-10) Eye contact was adequate. (Exhibit 22F/15, 17) Claimant was described as pleasant. (Exhibit 20F/3; 23F) She resided with her 3 adult children. (Exhibit 23F/1) Reports show claimant was able to reside with family, shop in stores, talk to others in person/via telephone/text, spend time with family and friends, and got along "very well" with

> elders and authority figures. (Exhibits 4E, 8E, 11E, 12E, 13E) Exams in 2021-2022 showed normal mood, happy affect, normal behavior, and she was talkative with appropriate speech and adequate eye contact. (See Exhibits 14F/6, 21, 58; 19F/4; 22F/1, 3, 5) Increasingly, claimant reported less irritability, and more energy and socialization. (Exhibit 22F/1, 3, 13, 15) On November 18, 2022, claimant had no anxiety symptoms reported. Exam showed stable affect and good speech. (Exhibit 22F/1)
>
> <u>With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation.</u> Some reports are noted of inattention, difficulty staying asleep, and impaired concentration. (Exhibits 22F/7, 9, 11, 13, 15, 17, 31) Other exams show claimant alert and oriented. (Exhibit 1F/29-30; 4F/4, 8-9; 5F/2; 6F/11; 20F/10; 22F/21, 23) When compliant with medication, there were no sleep complaints. (Exhibit 22F/1, 3, 13, 15, 17, 25, 27) Similarly, OCD symptoms improved on medication. (Exhibit 22F/1, 25) She was calm, oriented, alert, and with intact cognition, age-appropriate thought content, and no hallucinations (Exhibits 14F/6, 21, 58; 19F/4; 21F/9, 28, 48, 83; 22F/1, 3, 13, 15, 17, 21-27; 23F/1-2) Claimant could drive short distances, watch television, do crafts, decorate, and handle home repairs. (Exhibits 4E, 8E, 11E13E) Recent records show claimant reported doing well on her current regimen, with good focus, and no distractions.

*Id.* At step three, the ALJ determined that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." R. 14. The ALJ further explained that the Paragraph B criteria are not satisfied because "claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation." R. 16.

If the ALJ determines that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four to assess the RFC. 20 C.F.R. § 404.1520a(d)(3). At step four, the ALJ did consider the PRT findings and included the following limitations in the RFC: "work tasks should be simple (they can be detailed but not complex); and have no more than occasional interaction with coworkers, supervisors, and the general public." R. 16.

7

As a general matter, an ALJ must incorporate the PRT assessment into their findings and conclusions. *See Moore v. Barnhart*, 405 F.3d 1208, 1213–14 (11th Cir.2005) (per curiam) (noting that "the social security regulations require the ALJ to complete a PRTF and append it to the decision or incorporate its mode of analysis into [the ALJ's] findings and conclusions. Failure to do so requires remand"). But the RFC and hypothetical question can "account[ ] for the limitations that the ALJ had previously found, even if they did not use precisely the same language." *Ybarra v. Comm'r of Soc. Sec.*, 658 Fed. App'x 538, 542 n.5 (11th Cir. 2016) (finding that the ALJ adequately accounted for its step three findings of mental limitations in the RFC where the "RFC limited Ybarra to sustaining concentration for two-hour periods on 'short, simple instructions' and to an occupation 'with only occasional contact with co-workers and the general public on routine matters'").

In her written RFC conclusions, the ALJ provided a 10-page, single-spaced analysis of Claimant's medical records assessed in support of the RFC finding. R. 16-26. The ALJ wrote 13 paragraphs discussing Claimant's mental status exams and mental impairments. R. 19-25. Further, the ALJ specifically addressed the medical opinion of Dr. Raju as it related to the four functional categories evaluated in the step two PRT and noted:

> The undersigned finds Dr. Raju's opinions are generally persuasive . . . although unpersuasive in the severity of limitations in ADL's, social functioning, and concentration, persistence or pace, because although this medical source's opinion is supported by some objective medical evidence noted in the opinion (e.g., diagnoses of a anxiety and OCD) (Exhibit 8F/1), and the opinion is explained in a little detail (e.g., sleep issues; anxiety increased OCD; and racing thoughts) (Exhibit 8F/1), it is not generally consistent with all other evidence throughout the record from other sources, which has convinced the undersigned that claimant has a moderate limitation concentration, persistence, or pace, and mild limitation in interacting with others, and adapting or managing oneself.

R. 24-25.

The ALJ considered not only the PRT findings, but also the medical conditions and opinions underlying those findings, and the Court may not reweigh that evidence or substitute its judgment for that of the Commissioner. Accordingly, the undersigned finds that Claimant has not established that the ALJ erred regarding her consideration of the PRT findings in her RFC analysis and conclusion.

2. **No Inconsistency Between the Step Two PRT Finding and the Step Four RFC**

Claimant argues that the ALJ's PRT finding at step two—the moderate limitation in concentrating, persisting, or maintaining pace—required the ALJ to incorporate into the step four RFC finding limitations on Claimant's "ability to perform the basic work activity of 'understanding, carrying out and remembering simple instructions,' use of judgment, or dealing with changes in a routine work setting." Doc. 13 at 10-12 (citing R. 16 and 20 C.F.R. § 404.1522(b)). But Claimant cites no case law to support this argument. *See* generally, Doc. 13 at 10-12.

Claimant further asserts that the RFC finding that Claimant can perform "simple work tasks" that "can be detailed" means that Claimant "is capable of **more than** simple work." Doc. 13 at 12 (emphasis in original). But Claimant does not provide any authority explaining how the terms "detailed" and "simple" relate in this context. Claimant assumes that these descriptors fall within the same category and that detailed is more demanding than simple, but Claimant cites no authority to support this proposition. Doc. 13 at 14 ("a reduction to simple tasks should have been in the RFC; Ms. Roper could not do both simple and detailed.").

Even if this were an inconsistency—and Claimant has not established that it is—Claimant cites no authority to support a conclusion that including such language in an RFC finding renders it unsupported by substantial evidence and warrants remand of the ALJ's decision. On the

contrary, at least one district court has concluded that "[an] ALJ [does] not err by finding moderate limitations in his listing analysis while also concluding in the RFC finding that Plaintiff could perform detailed tasks, as these [are] two distinct analyses." *Barron v. Berryhill*, 2018 WL 5846356, at *3 (S.D. Miss. Nov. 8, 2018). Accordingly, the undersigned is unpersuaded by Claimant's assertion that the ALJ erred by finding Claimant simultaneously capable of simple and detailed work tasks.

Relatedly, Claimant implies that the RFC limitations must have a "corresponding PRT finding," and here again Claimant cites no legal authority to support the proposition. Doc. 13 at 15 ("It is unclear from the four corners of the decision whether the RFC accounts for all of the established social limitations; whether the social abilities in the RFC (Tr. 16) are premised on a mild (Tr. 26) or moderate rating (Tr. 15) in the *corresponding* PRT finding.") (emphasis added). In fact, district courts in Texas have repeatedly rejected the same unsupported argument raised by Claimant's counsel. *See, e.g., Hogue v. Comm'r, Soc. Sec. Admin.,* 2025 WL 2232339 (N.D. Tex. July 8, 2025), *report and recommendation adopted*, 2025 WL 2223246 (N.D. Tex. Aug. 5, 2025); *Roberts v. Comm'r of Soc. Sec.*, 2025 WL 1268116, at *3-6 (N.D. Tex. May 1, 2025); *Julie H. v. Kijakazi*, 2023 WL 8183822, at *5 (N.D. Tex. Nov. 27, 2023); *Sandra J. B. v. Kijakazi*, 2022 WL 2919491, at *3-6 (N.D. Tex. July 1, 2022), *report and recommendation adopted*, 2022 WL 2918103 (N.D. Tex. July 25, 2022).

In short, the ALJ performed the PRT assessment and determined that Claimant had moderate limitations in two functional areas at step two. R. 14-16. She then proceeded beyond that step in the sequential analysis (R. 16-27) and adequately considered Claimant's mental impairments and related medical records in developing the RFC. R. 19-25. Claimant has not

established that the ALJ erred and has provided no case law to support her arguments. Accordingly, the undersigned finds no reason to disrupt the ALJ's determination.

      **C.**     **Whether the Vocational Expert's Testimony Constitutes Substantial Evidence**

Lastly, it appears that Claimant also challenges whether the vocational expert's testimony is based on substantial evidence. Doc. 13 at 16 ("The VE did not address whether an RFC that precluded detailed tasks would allow for these occupations."); Doc. 17 at 8 ("the VE never actually said that any of the three occupations would remain possible if the RFC also included a reduction to simple."). The Commissioner responds that, "Substantial evidence supports the ALJ's assessment of Plaintiff's RFC, and the ALJ's hypothetical question to the VE included all the limitations in the ALJ's RFC finding (Tr. 13-28, 118-19). The ALJ, therefore, properly relied on the VE's testimony to find that Plaintiff could perform a significant number of jobs in the national economy." Doc. 16 at 7. The undersigned agrees with the Commissioner and finds that the vocational expert's testimony is based on substantial evidence.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002) (per curiam). Remand is required where an ALJ fails to include or "otherwise implicitly account for" all of the limitations the ALJ has found credible in her RFC and corresponding hypothetical question to the VE. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)." But an ALJ is not required to "intone the magic words concentration, persistence, and pace if the ALJ finds based on the PRT that a claimant has limitations in that broad functional area. Indeed, we noted that an ALJ may account implicitly for those limitations in other ways when crafting a hypothetical." *Hines-Sharp v. Comm'r of Soc. Sec.*,

11

511 Fed. App'x 913, 916 (11th Cir. 2013) (discussing *Winschel*'s holding and the extent to which the PRT limitations should be included in steps four and five).

Here, the ALJ posed the following hypothetical question to the vocational expert:

> So, let me ask you, please, about a hypothetical individual who can perform work at the light exertional level. The individual can stand up to 30 minutes at a time for up to 4 hours per day, sit up to 30 minutes at a time, again up to 4 hours per day, and walk about 15 minutes at a time for up to 4 hours per day. This will be a sit/stand in intervals of 30 minutes for sitting and standing. And then if there is any walking, it is limited to 15 minutes and up to 4 hours. Occasional postural movements like stooping, kneeling, crouching, and climbing amps and stairs. Never crawling or climbing ladders, ropes, or scaffolds. The bilateral upper extremities can frequently handle, finger, and push and pull at the light exertional level and frequently reach in all directions, except never overhead. The individual should avoid work at heights, work with dangerous machinery, and dangerous tools, and foot controls, and concentrated exposure to temperature extremes, pulmonary irritants such as dusts, fumes, chemicals, wetness, and humidity and vibration. **Work tasks should be simple. They can be detailed but not complex. And the individual can have no more than occasional interaction with coworkers, supervisors and the public**. Can this hypothetical individual perform any of the past relevant work of the claimant as she performed it or as its typically performed?

R. 118-19 (emphasis added). The ALJ implicitly incorporated the PRT finding with respect to Claimant's moderate limitation in concentration, persistence, or pace by asking the vocational expert to only consider vocations where "[w]ork tasks should be simple. They can be detailed but not complex." *Id.* As with Claimant's objection to the RFC, Claimant has not established that work cannot be both simple and detailed. But specific to the objection regarding the step five hypothetical question, Claimant has not established that the ALJ erred by asking a hypothetical question that allows for work that is both simple and detailed. *See* Doc. 17 at 8 ("the VE never actually said that any of the three occupations would remain possible if the RFC also included a reduction to simple.").

The undersigned finds that the ALJ included the RFC findings—which implicitly included the PRT findings—in the hypothetical question posed to the vocational expert and, therefore, the vocational expert's testimony constituted substantial evidence.

## V. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED.**

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on October 1, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record